# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. No. CR-10-81-JHP |
| ) | |
| TERRI AUSTIN YOUNG, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the defendant's Motion to Continue Motions Dates and Jury Trial (Dkt.# 16). In support of this request, the defendant is not in custody and is on pretrial release. Defendant is subject to home detention. Counsel represents Defendant is compliant with the terms of his release and will begin weekly out-patient treatment. Counsel also represents Defendant has been compliant with law enforcement and this is Defendant's first arrest. The continuance is requested "in order to fully enable the Defendant to understand the judicial process and the complexities of the sentencing guidelines." (Defendant's motion at 2). Counsel does not expect a Jury Trial in this matter.

The Court recognizes the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the Court concludes that the requested continuance would impact the 70 day deadline contemplated by § 3161(c)(1).

However, 18 U.S.C. § 3161(h) provides that certain "periods of delay shall be

excluded . . . in computing the time within which the trial of any such offense must commence." Among those periods of delay excluded are those periods "resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the factors which a judge shall consider in making this determination are "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution...that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§ 3161]," 18 U.S.C. § 3161(h)(8)(B)(ii), or "[w]hether the failure to grant such a continuance in a case which . . . is not . . . unusual or . . . complex . . . would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

In this case, the Court finds counsel's request for a continuance in order to fully inform the Defendant of the judicial process and the complexities of the sentencing guidelines is not the result of a lack of due diligence, but is required for effective preparation prior to trial. Further, the current trial schedule does not afford counsel adequate time to prepare for trial. Based upon the factors enumerated in 18 U.S.C. § 3161(h)(8)(B), the Court therefore concludes that the ends of justice served by granting a continuance of the deadlines in this case outweigh the best interest of the public and the defendant in a speedy trial and the delay occasioned thereby is properly excluded for purposes of the Speedy Trial Act.

Accordingly, this case is continued from January 31, 2011, to March 7, 2011 at 9:00 a.m. The deadline for filing pretrial motions is reset to January 31, 2011, with responses due by February 7, 2011; voir dire, jury instructions and trial briefs are due by February 25, 2011.

**IT IS SO ORDERED this 21st day of January, 2011.**

James H. Payne
United States District Judge
Eastern District of Oklahoma